UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRILL RIVER INVESTMENT COMPANY, LLC, ) ) ) Plaintiff, ) ) v. ) ) COVINGTON SPECIALTY INSURANCE ) COMPANY, et al., ) ) Defendants. ) | No. CIV-25-87-R |

# ORDER

Before the Court is Plaintiff Brill River Investment Company, LLC's Motion to Remand [Doc. No. 8]. Defendants Risk Placement Services, Inc. and Covington Specialty Insurance Company responded [Doc. Nos. 12 & 13]. Plaintiff replied [Doc. Nos. 14 & 15]. For the reasons that follow, Plaintiff's Motion is GRANTED.

## BACKGROUND[1]

Plaintiff, an Oklahoma limited liability company, sustained wind and hail damage to its property. Doc. No. 1-4, ¶¶ 1, 4. Plaintiff was insured by Defendant Covington, a New Hampshire insurance company with its principal place of business in New Hampshire. *Id*. ¶¶ 2, 10. Plaintiff purchased the insurance policy through independent insurance agency, Defendant R&C, an Oklahoma company with its principal place of business in Oklahoma.

---

[1] These background facts are drawn from the Plaintiff's Petition [Doc. No. 1-4]. The Court acknowledges that Defendants dispute the existence of several of these facts. However, to the extent that there are factual issues in the record, they are resolved in Plaintiff's favor at this stage. *See Jackson v. State Farm Fire & Cas. Co.*, 647 F.Supp.3d 1195, 1198 (W.D. Okla. 2022) (citing *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013)).

1

*Id*. ¶¶ 13-14. Defendant RPS, a wholesale insurance brokerage company with its principal place of business in Illinois, participated in the issuance of the insurance policy. *Id*. ¶¶ 11-12.²

Plaintiff originally purchased the insurance policy in September of 2020. *Id*. ¶ 40. Prior to doing so, it sent a representative to speak with an agent from Defendant R&C. *Id*. Plaintiff's representative related that Plaintiff wanted coverage that, among other things, would cover "any associated costs necessary to comply with the building codes and industry standards should the roof need to be repaired and/or replaced." *Id*. Defendant R&C's agent assured Plaintiff's representative that the policy sold would cover such costs. *Id*. However, on February 7, 2023, Defendant Covington partially denied Plaintiff's claim [Doc. No. 8-1]. Defendant Covington's denial included a refusal to pay for all costs associated with compliance with building codes and industry standards because such claims were subject to a $10,000 sublimit. Doc. No. 1-3, ¶ 40. Defendant R&C never informed Plaintiff of the sublimit. *Id*. ¶ 51.

Plaintiff sued Defendant Covington in state court in November of 2023, but the case was dismissed after 180 days for lack of service. *Id*. ¶¶ 16-17. Plaintiff then refiled the suit in state court in November of 2024, joining Defendant R&C and Defendant RPS. *Id*. at p. 1. Plaintiff alleges that Defendant Covington breached the insurance contract and its duty of good faith and fair dealing. *Id*. ¶¶ 20-35. Plaintiff also asserts claims for negligent

---

² Because Defendant R&C is the only non-diverse party, the Court cabins its inquiry to Plaintiff's claims against Defendant R&C.

procurement of the insurance policy and constructive fraud against Defendant R&C and Defendant RPS. *Id*. ¶¶ 36-64.

Defendants were served on December 6, 2024, and removed the action to this Court on January 17, 2025 [Doc. Nos. 1-9, 1-10, 1-11]. Defendants contend that removal is proper despite the presence of non-diverse Defendant R&C because Defendant R&C was fraudulently joined, fraudulently mis-joined, and because joinder of Defendant R&C does not comply with Rule 20 of the Federal Rules of Civil Procedure [Doc. No. 1 at pp. 5-11].

## DISCUSSION

**A. Defendants have not met their burden to establish fraudulent joinder.**

Defendants contend that remand is unwarranted because Plaintiff's joinder of non-diverse Defendant R&C is the product of fraudulent joinder. Specifically, Defendants argue that Plaintiff's claims against Defendant R&C for negligent procurement and constructive fraud are insufficient to establish a viable cause of action because they are barred by the statute of limitations.[3]

"'The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.'" *Norman v. State Farm Fire & Cas. Co.*, 764 F.Supp.3d 1100, 1102 (W.D. Okla. 2025) (quoting *Dutcher*, 733 F.3d at 988). "'To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability

---

[3] Because Plaintiff's claim for negligent procurement is sufficient to overcome Defendants' argument, the Court does not address arguments related to Plaintiff's constructive fraud claim.

3

of the plaintiff to establish a cause of action against a non-diverse party in state court.'" *Id*. (quoting *Dutcher*, 733 F.3d at 988)).

"The first prong—actual fraud in the pleading of jurisdictional facts—'basically requires a showing that plaintiff lied in the pleadings.'" *Id*. (quoting *Sanelli v. Farmers Ins. Co., Inc.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023)). "The second prong requires showing 'that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court.'" *Id*. (quoting *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished)).

"Although removability is typically determined on the face of the pleadings, 'upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.'" *Id*. (quoting *Smoot v. Chicago R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)). "'This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty.'" *Id*. (quoting *Smoot*, 378 F.2d at 882).

1. **Plaintiff's claim against Defendant R&C for negligent procurement is incapable of summary determination and is not barred by the statute of limitations.**

Under Oklahoma law, an insurance agent has a "duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance[.]" *Swickey v. Silvey Companies*, 1999 OK CIV APP 48, ¶ 13, 979 P.2d 266, 269. An insurance agent therefore can be liable to the insured in negligence "if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Id*. (citations omitted). That said, Oklahoma

4

courts agree that "the scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance" is limited to coverage required by law and needs disclosed by the insured. *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 2004 OK CIV APP 11, ¶ 3, 83 P.3d 894, 895.

Here, Plaintiff alleges that its representative specifically requested an insurance policy that would cover "any associated costs necessary to comply with the building codes and industry standards should the roof need to be repaired and/or replaced." Doc. No. 1-4, ¶ 40. And Plaintiff claims that Defendant R&C's agent assured Plaintiff's representative that the insurance sold to Plaintiff would provide the specifically requested coverage. *Id*. But when Plaintiff filed its claim with Defendant Covington, its claim was partially denied because the policy had a $10,000 sublimit for costs associated with compliance with building codes and industry standards. *Id*. This sublimit contradicts the assurance given by Defendant R&C's agent that Plaintiff's insurance would provide coverage sufficient to pay for "**any** associated costs necessary to comply with the building codes and industry standards should the roof need to be repaired and/or replaced." Defendants, however, argue that Plaintiff's failure to read the policy and notice this discrepancy forecloses its negligent procurement claim. As recognized by Judge Dishman in *Adair v. State Farm Fire & Cas. Co.*, No. CIV-23-1056-JD, 2025 WL 1263128, at *4-5 (W.D. Okla. May 1, 2025), the effect of a failure to read an insurance policy is not a clearly decided issue among courts applying Oklahoma law. And when presented with murky state law issues on a motion to remand, "ambiguities in the controlling state law are resolved in favor of the non-removing party." *Id*. at *5 (citing *Montano*, 211 F.3d at 1278). So under these facts, it cannot be said with

5

"complete certainty" that Plaintiff's negligent procurement claim is incapable of viability in state court such that Defendant R&C was fraudulently joined.

Defendants also contend that remand is inappropriate because the claim is barred by the statute of limitations. In Oklahoma, claims for negligent procurement are subject to a two-year statute of limitations. Okla. Stat. tit. 12, § 95(A)(3). It is Defendants' view that because the insurance policy solicited by Defendant R&C was procured more than two years from Plaintiff's filing of the instant claim, it is time-barred. However, under Oklahoma law, "[t]he limitation periods in § 95 begin[] to run from the time the elements of a cause of action arise." *MBA Commercial Const., Inc. v. Roy J. Hannaford Co., Ins.*, 1991 OK 87, ¶ 13. 818 P.2d 469, 473 (citation omitted). "The elements of a cause of action arise, that is, the cause of action accrues when a litigant first could have maintained his action to a successful conclusion." *Id*. (citation omitted). And in a claim for negligence—and in this case, negligent procurement—one of the elements of a cause of action is injury or harm. *See id*. But until Plaintiff's insurance claim was partially denied by Defendant Covington on February 7, 2023, Plaintiff suffered no injury or harm from Defendant R&C's alleged negligent procurement. So the limitation period did not begin running until Plaintiff's claim was partially denied, which is within the two-year statute of limitations.

Accordingly, Defendants have failed to carry their burden of establishing fraudulent joinder because Plaintiff's negligent procurement claim against Defendant R&C was brought within the statute of limitations and is not subject to summary adjudication.[4]

---

[4] Like in *Norman*, this Court is also unpersuaded that jurisdictional discovery, as requested by Defendants [Doc. No. 17], is warranted because their "proposed discovery is not limited

6

**B. The Court declines to rule on the application of the doctrine of fraudulent misjoinder and finds that Plaintiff's joinder of Defendant R&C complies with Rule 20 of the Federal Rules of Civil Procedure.**

Defendants also assert that remand is inappropriate because Plaintiff's joinder of Defendant R&C is the product of fraudulent misjoinder and in violation of Rule 20 of the Federal Rules of Civil Procedure.

"Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010) (citation and quotation marks omitted). The Tenth Circuit has twice considered the doctrine of fraudulent misjoinder, neither adopting nor rejecting its application on either occasion. *See Core Dev. TCB, LLC v. Covington Specialty Ins. Co.*, No. CIV-24-925-PRW, 2024 WL 5191378, at *2 (W.D. Okla. Dec. 20, 2024) (citing *Lafalier*, 391 F. App'x at 739 and *Parson v. Johnson & Johnson*, 749 F.3d 879, 893 (10th Cir. 2014)). And "unlike the doctrine of fraudulent joinder, fraudulent misjoinder has not been widely accepted, and when it has been accepted, it has not been uniformly applied." *Id*. (citations omitted).

Here, like Judge Wyrick in *Core Development*, this Court sees no need to "wade into the debate" regarding application of the doctrine of fraudulent misjoinder because

---

to resolving a discrete factual issue but also encompasses substantive, merits-based issues that go 'beyond the Court's remit at this stage in the proceeding.'" *Norman*, 764 F.Supp.3d at 1105 (quoting *Champion v. State Farm Fire & Cas. Co.*, No. CIV-22-922-PRW, 2023 WL 11944492, at *3 (W.D. Okla. Dec. 29, 2023)).

Plaintiff's joinder of Defendant R&C comports with Rule 20 of the Federal Rules of Civil Procedure. *See id*. Under Rule 20(a)(2)(A)-(B), joinder of a defendant is proper if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." In the instant case, Plaintiff asserts claims against Defendant Covington for breach of contract and bad faith arising out of the partial denial of an insurance claim under a policy procured by Defendant R&C. At issue in claims against both Defendant Covington and Defendant R&C will be the insurance policy itself, with both the procurement of that policy and the good faith adherence to that policy playing pertinent roles in the case. In other words, both claims arise from the same series of transactions or occurrences, and there are common questions of law or fact in both claims.

So Plaintiff's negligent procurement claim against Defendant R&C satisfies Rule 20 and Defendants' arguments to the contrary are therefore unavailing.

## CONCLUSION

Accordingly, Plaintiff's Motion to Remand is GRANTED.[5]

IT IS SO ORDERED this 25th day of June, 2025.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff's request for fees for prevailing on its Motion is denied.